IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PHOENIX DRILLING, INC.,**

    **Plaintiff and Counterclaim Defendant,**

*and*

**BRADLEY LIGGETT and**
**DENNIS CHIDESTER,**

    **Intervenor Plaintiffs,**

*vs.*                                       **CIVIL ACTION NO. 1:11CV08**

**EAST RESOURCES, INC.,**
**EAST RESOURCES MANAGEMENT, LLC., and**
**SWEPI, LP.,**

    **Defendants and Counterclaimants,**

*vs.*

**BRADEN DRILLING, LLC.,**

    **Counterclaim Defendant.**

## MEMORANDUM OPINION/ORDER

### I.
### Procedural History

On the 12th day of January, 2012, Plaintiffs filed a Motion to Compel [Docket Entry 48]. On January 7, 2012, Plaintiffs' Motion to Compel was referred to the undersigned [Docket Entry 50]. On February 2, 2012, Defendants East Resources, Inc., East Resources Management, LLC, and Swepi, LP (collectively "Defendants") filed their Response to the Motion [Docket Entry 56]. On February 8, 2012, Plaintiffs filed a Reply [Docket Entry 62]. By Order dated March 13, 2012 The Court granted Plaintiffs' Motion to Compel [D.E. 67] and,       pursuant to F.R.Civ.P. 37(a)(5)(A)

directed counsel for Plaintiffs to file with the Court and serve an accounting of the fees and costs necessitated in the filing and prosecution of the motion to compel. March 14, 2012 counsel for Plaintiffs filed Plaintiff's Statement Of Reasonable Costs And Expenses Necessitated By Motion To Compel Discovery From Defendants and served the same on counsel for Defendants [DE 68]. More than seven (7) days exclusive of the date of filing of the accounting have elapsed and the Defendants have not filed an objection. Therefore, pursuant to the Court's Order of March 13, 2012, the matter is ripe for decision. No hearing is necessary.

## II.
## Standards

> F.R.Civ.P. 37(a)(5)(A) ***Payment of Expenses; Protective Orders*** provides:
> *If the Motion is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the Court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

**A. Substantially Justified**

The Supreme Court, interpreted the meaning of "substantially justified" in connection with the Equal Access to Justice Act. It found the phrase to mean: " 'justified in substance or in the main'-that is, justified to a degree that could satisfy a reasonable person." 487 U.S. 552, 566, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). An individual's conduct is found to be "substantially justified" if it is a response to a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Id.* at 565, 108 S.Ct. 2541; *see also Wright, Miller & Marcus, Federal*

2

*Practice and Procedure: Civil 2d* § 2288 (1994) ("Making a motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule.").

**B.     Rates**

The burden is on movant to establish the reasonableness of the requested fees.  He must use "billing judgment" by submitting information sufficient for the Court to determine that the time charged was reasonably expended. *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 1939-1940, 76 L.Ed.2d 40 (1983)("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.") *See also* *Rehab. Ass'n of Va., Inc. v. Metcalf*, 8 F.Supp. 2d 520, 527 (E.D.Va. 1998).

The Fourth Circuit addressed rates charged by attorneys in calculating attorney's fees holding:  "the community in which the court sits is the appropriate starting point for selecting the proper rate." *Nat'l Wildlife Federation v. Hanson,* 859 F.2d 313, 317 (4th Cir.1988).

"The fee request should, at a minimum, (1) provide dates work was performed, (2) a reasonable, specific description of the work, and (3) time expended on the work." *Central Cab Company, Inc., v. Cline,* 972 F.Supp.2d 370, 374 (S.D.W.Va. 1997).

In carrying out its supervisory duties, the Court is obligated to explore and make findings with respect to the following factors: 1) the time and labor expended; 2) the novelty and difficulty of the questions raised; 3) the skill required to properly perform the legal services rendered; 4) the attorney's opportunity costs in pressing the instant litigation; 5) the customary fee for like work; 6) the attorneys' expectation respecting the payment of fees at the outset of the litigation (whether

3

fixed or contingent; 7) the time limitations imposed by the client or circumstances; 8) the amount in controversy and the results obtained; 9) the experience, reputation and ability of the attorney; 10) the undesirability of the case within the legal community in which the suit arose; 11) the nature and length of the professional relationship between the attorney and client; and 12) attorney's fee awards in similar cases. *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). These twelve factors apply primarily to the award of attorney fees to the victor at the conclusion of a case. Many of the twelve factors "are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) FN9 citing *Copeland v. Marshall*, 205 U.S.App.D.C. 390, 400, 641 F.2d 880,890 !980) (en banc).

### III.
### Discussion

In the instant case, counsel for Plaintiff attempted in good faith by letter followed by telephone conversations on at least three occasions prior to filing the motion to compel necessitating court action. F.R.Civ.P. 37(a)(5)(A)(i).

Defendant's actions in failing to provide the requested discovery was not justified. F.R.Civ.P. 37(a)(5)(A)(ii). The Court in its order dated March 13, 2012 [DE 67, p. 2] found Defendants, after seeking and getting two extensions of time to respond, did not respond to Interrogatories 1, 2, 3, 4, 5, 8, 10, 11, 14, 15, or 17 or Requests 4, 8, 20, or 25 and as to those to which Defendants did respond, the sole response was a "boiler-plate" objection. In spite of additional extensions and assurances that there were no objections to 11 interrogatories and 4 requests, Defendants still failed to file responses as promised.

There are no "other circumstances [that] make an award of expenses unjust." F.R.Civ.P.

4

37(a)(5)(A)(iii).  For reasons stated on pages 9-12 of the Court's March 13, 2012 order [DE 67], Defendants were found mistaken at best with respect to their legal basis for withholding information requested through Interrogatory 6 and Request 23.

Plaintiff's counsel did not submit a fee request that contained "hours that are excessive, redundant, or otherwise unnecessary."  *Hensley v. Eckerhart*, *supra* at 434.  The hours required were clearly dictated by the level of delay caused exclusively by Defendant and the refusal of Defendant to produce the requested discovery.  All parties to the action are subject to the time limits set forth in the Court's scheduling order.

David E. Goddard, counsel for Plaintiff was admitted to the practice of law in 1999.  He has twelve (12) years of experience in litigation.  As such a charge of $250.00 is found by this Court to be reasonable even though the issue presented by Defendant's failure to respond to discovery was non-complex.  The hourly rate is on the high end of what is considered a reasonable rate in the Northern District of West Virginia for the work required[1] and is consistent with claims made and amounts awarded in similar cases within the District.

As a result of Goddard's prosecution of his client's right, he was successful in achieving the result sought by the motion to compel.

Goddard could have been doing other things with his 18.75 hours for this or other clients had Defendant timely complied with discovery.

## IV.
### Decision and Order

For the reasons stated, Plaintiff's claim of 18.25 hours at $250.00 per hour equaling

---

[1] Defendant did not object to the amount of time, the hourly rate or the amount claimed.

$4,562.50 is **APPROVED.** Defendants East Resources, Inc., East Resources Management, LLC, and Swepi LP (collectively) and /or their counsel **SHALL PAY** Plaintiff's counsel of record, David E. Goddard, the sum of $4,562.50 within 30 days of the entry of this Memorandum Opinion and Order.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the rulings set forth above may be contested by filing, within 14 days, objections to this Order with United States District Judge Irene M. Keeley. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found to be clearly erroneous or contrary to law. *(see also* 28 U.S.C. §636(b)(1)(A)).

The clerk is directed to provide electronic notice of the entry of this Memorandum Opinion and Order to all counsel of record.

It is so **ORDERED.**

Dated: March 27, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE